IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

JERRY HARTFIELD                          §

v.                                       §            CIVIL ACTION NO. 6:09cv98

DIRECTOR, TDCJ-CID                       §

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

      The Petitioner Jerry Hartfield, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement.  The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

      Hartfield was convicted of capital murder on June 30, 1977, in Wharton County, Texas, receiving a sentence of death.  He took a direct appeal, and the Texas Court of Criminal Appeals held that the removal of a juror named Hlozek was error under Witherspoon v. Illinois, 391 U.S. 510 (1968).  The Court therefore stated that the case must be reversed and remanded for a new trial.  This decision was rendered on September 17, 1980.

      The State then filed a motion for rehearing, arguing that Hlozek was properly removed or, if error was committed, any such error was harmless.  The Court of Criminal Appeals overruled these contentions.

      The State went on to argue, in its motion for rehearing, that rather than reversing the entire case and remanding for a new trial, the Court should "affirm the finding of guilt, vacate the death sentence, and reform the judgment so as to reflect a punishment of life imprisonment," or, in

1

the alternative, allow the State "a reasonable time to seek commutation of the sentence from the Governor." The Court of Criminal Appeals stated that where a death sentence is improperly imposed based on the verdict of a jury impaneled in violation of <u>Witherspoon</u>, the long-held policy of the Court has been to reverse the case for an entirely new trial rather than reform the sentence to life in prison; consequently, the Court "reluctantly" denied the State's request.[1]

The opinion on rehearing then went on, in the text, to state as follows:

> Further, as to the State's request for a 'reasonable time to seek commutation of sentence from the Governor, we direct their attention to Tex.Cr.App.R. 310, which states in part:
>
> > When a decision of the Court of Criminal Appeals becomes final, the Clerk of the Court shall issue a mandate to the court below.  A decision of the Court shall be final at the expiration of 15 days from the ruling of the final motion for rehearing or from the rendition of the decision if no motion for rehearing is filed.
>
> We hold that the 15-day period between the rendition of our decision and the date that the mandate issues is a "reasonable time to seek commutation of sentence from the Governor."  Also see Tex.Cr.App.R. 311, which provides for a stay of mandate for not more than 60 days.
>
> For the foregoing reasons the State's motion for rehearing is denied.

<u>Hartfield v. State</u>, 645 S.W.2d 436, 441-42 (Tex.Crim.App. 1980, on rehearing January 26, 1983, rehearing denied March 1, 1983).

This opinion on rehearing was issued on January 26, 1983.  On January 31, 1983, after the opinion for rehearing was issued but before the mandate of the Court went out, the District Attorney, together with the trial court judge, sent a letter to the Board of Pardons and Paroles requesting that the Board recommend commutation by the Governor.

---

[1] In a footnote, Judge Davis, the author of the opinion on rehearing, observed that reversal of the conviction and a remand for a new trial appears to be "a rather burdensome remedy" in a case where the only error is found in the punishment phase of the trial, and where the State requests that the death sentence be reformed to life in prison; Justice Davis said that the purposes for this remedy no longer exist under the Revised Penal Code and that "it is the author's opinion that this significant issue is now ripe for reconsideration by the Texas Legislature in light of the capital punishment scheme as it now stands."

On February 10, 1983, the State submitted a second motion to the Court of Criminal Appeals seeking rehearing, for which leave to file was denied on March 1, 1983.  On March 4, 1983, the mandate of the Court of Criminal Appeals was issued. This mandate says in part that:

> "It is ordered, adjudged, and decreed by the Court that the judgment be reversed and the cause remanded for further proceedings in accordance with the opinion of this Court, and that this decision be certified below for observance."

On March 14, 1983, ten days after the mandate of the Court of Criminal Appeals had issued, the Board sent a letter to the Governor recommending that Hartfield's sentence be commuted to life imprisonment.  The next day, March 15, the sentence was commuted.

On March 23, 1983, the District Clerk of Wharton County sent the Court of Criminal Appeals a postcard stating that the Court's mandate had been carried out and executed by Governor Mark White, noting that the death sentence had been commuted to life imprisonment.  On March 28, 1983, the Board of Pardons and Paroles sent notification of the commutation to the Court of Criminal Appeals.  No new trial was ever conducted; instead, Hartfield continued to serve his commuted sentence of life imprisonment.  He first sought state habeas corpus relief on November 14, 2006.  Hartfield has also sought mandamus relief and filed a second state habeas petition, to no avail.

After Hartfield's state habeas corpus proceedings concluded without success, he filed his federal petition in the U.S. District Court for the Southern District of Texas.  On January 29, 2009, the United States Magistrate Judge to whom the case had been referred, in the Southern District of Texas, issued a Report recommending that the case be transferred to the Eastern District of Texas.  The Magistrate Judge concluded that the case was a pre-conviction habeas corpus application under 28 U.S.C. §2241 and thus governed by that statute's venue provisions, and was not under the statute of limitations.  The Magistrate Judge agreed with Hartfield's contentions that he was not "in custody pursuant to the judgment of a state court" and that the Governor's

3

commutation was of a judgment that no longer existed, and explained at great length why a transfer to the Eastern District of Texas was appropriate.

Hartfield filed objections to the Magistrate Judge's Report, agreeing with the conclusion that the petition was a pre-conviction petition but objecting to the transfer of the case to the Eastern District of Texas, based on his argument that his "ultimate custodians" are the trial judge in Wharton County, the District Attorney in Wharton County, and the sheriff of Matagorda County. He stated that if the federal court determines that a new trial is the proper remedy on his speedy trial claim, that court would have to order the officials in those counties to provide a new trial, and those counties are within the Southern District of Texas.

The Respondent also filed objections to the Magistrate Judge's Report.  These objections, while declining to re-state all of the Respondent's legal positions in the interests of space, assert that: the Texas Court of Criminal Appeals denied Hartfield's claims on the merits, thus suggesting the existence of a valid state judgment and sentence, but the Report refused to take the Court of Criminal Appeals at its word; the Report thereby encroaches on interpretations of state law made by the highest court for the State of Texas; if the petition is a pre-trial petition, Hartfield has failed to exhaust the state remedies available to him for pre-trial claims; and the Report failed to analyze the holding of the Texas Court of Criminal Appeals under <u>Mercadel v. Cain</u>, 179 F.3d 271 (5th Cir. 1999) to determine if this holding was on the merits.[2]

In response to these objections, Hartfield asserted that the Magistrate Judge properly concluded that the Court of Criminal Appeals did not implicitly find that Hartfield is serving a life sentence pursuant to a valid state court judgment, and that had the Court of Criminal Appeals made such a findings, it would be "an arbitrary application of state law that would amount to a due process violation."   On February 25, 2009, the district court accepted the Magistrate Judge's recommendation and transferred the case to the Eastern District of Texas.  Counsel appointed for

---

[2]<u>Mercadel</u> holds that where a state habeas petition is filed improperly, and so the Court is denied a fair opportunity to rule on the merits, the claim is unexhausted.

Hartfield in the Southern District has withdrawn, and the Court has appointed the U.S. Public Defender for the Eastern District of Texas as counsel for Hartfield.

<u>The Hearing</u>

A hearing in the case was conducted on March 24, 2010.  Attorneys for the Public Defender for the Eastern District of Texas were present representing Hartfield, and Joseph Corcoran from the Office of the Attorney General for the State of Texas was present or the Respondent.  At this hearing, Kenneth Hawk, lead counsel for Hartfield, opened by arguing that the issue before the Court concerns a denial of Hartfield's right to a speedy trial.  Hawk stated that the facts of this case are unprecedented in that the highest state court ordered a retrial, but that this was never done.  He argued that the sole remedy available was a dismissal with prejudice of the prosecution.

After argument by Hawk about the delay in the assertion of the right to a speedy trial and the status of the case as a pre-trial habeas corpus application, Corcoran responded with an exhaustion argument.  He stated that prisoners cannot use the post-conviction procedures under Tex. Code Crim. Pro. art. 11.07 to challenge a pre-judgment incarceration, and stated that Hartfield has never filed a motion with the state district court in an effort to exhaust his claim that they need to bring him to be speedily tried.  He conceded that "there's a question about what the state court would do with that kind of motion," but argued that it has to be done first.  Corcoran acknowledged the Southern District's findings, but said that "we are very confident that the Fifth Circuit would reverse that position taken by the Southern District."

Corcoran acknowledged that Hartfield had filed a mandamus petition in the Court of Criminal Appeals seeking a speedy trial, but said that this did not serve to exhaust state remedies because "that's not how you do it," indicating that Hartfield had to file a motion in the trial court first.  The Court then posed the question of what practical possibility a motion for a speedy trial or a pre-trial habeas petition would have in the state district court, noting that Hartfield would likely be laughed out of court, and Corcoran conceded that "I'm not going to argue, Your Honor, that it would be viewed necessarily and considered fully.  I don't know.  To be fair, that's how you do it."

He contended, however, that the Court of Criminal Appeals has "unquestionably affirmed the xistence of this judgment and sentence," by denying Hartfield's 11.07 state habeas petition.  The parties also argued concerning Hartfield's speedy trial claims, the existence of a judgment of conviction, the effect of the commutation, whether the claims set out a due process violation, and the proper remedy in the event that a violation was found.

<u>Legal Standards and Analysis</u>

The first issue to be discussed is that of exhaustion of state remedies.  It is well settled that post-conviction habeas corpus petitions, under 28 U.S.C. §2254, must have state remedies exhausted prior to their presentment in federal court.  *See* 28 U.S.C. 2254(b) & (c); <u>Mercadel v. Cain</u>, 179 F.3d 271, 275 (5th Cir. 1999).  While there is no corresponding requirement in the statute for claims under 28 U.S.C. §2241, the Fifth Circuit has made clear that such a requirement does in fact exist, noting that

> Despite the absence of an exhaustion requirement in the statutory language of 28 U.S.C. §2241(c)(3), a body of case law has developed holding that although Section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

<u>Dickerson</u>, 816 F.2d at 223.  The court went on to note that the exhaustion doctrine was "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."

As noted above, Hartfield filed two state habeas petitions under Tex. Code Crim. Pro. Art. 11.07, of which the first was denied and the second was dismissed as successive, and a motion for leave to file an application for the writ of mandamus, which motion for leave was denied.  At the hearing, the Respondent argued that these were not the proper vehicles through which Hartfield could raise his claims.

In his first state habeas petition, which was signed November 4, 2006, Hartfield raises the following grounds: (1) he was never taken before a magistrate; (2) he was never served with a

copy of the indictment; (3) the prosecution should have been dismissed under Article 32.01 and 32.02 of the Code of Criminal Procedure; and (4) Article 1 section 10 of the Texas Constitution was violated, as was the Fifth Amendment to the U.S. Constitution.  This ground, the only one in the original petition to refer to a federal constitutional violation, reads in its entirety as follows:

> The applicant contends that the Tex. Const. Art. 1 sec. 10 U.S. Const. Amend. V has been violated.  See also 1.05 C.C.P. [Code of Criminal Procedure].

> Ground no. 4 here is a combination of ground number 2 and 3, as a presentation of the applicant's constitutional rights being violated, denying him due process of law, including ground number one - Miranda.

In an attached statement, also signed November 4, 2006, Hartfield says that the trial court allowed into evidence a written statement which he gave without the benefit of counsel and which was not voluntary and he was never served with a copy of the indictment.  This attached statement makes no reference to a federal constitutional due process violation.

Hartfield later filed a supplemental memorandum of law, saying that the mandate issued on March 4, 1983, ordering that the judgment be reversed and the cause remanded for further proceedings, but that this order was never observed because he never went back to be retried.  He says that a court must dismiss an indictment when it determines that the right to a speedy trial has been violated, and so asks that he be released and that the indictment be dismissed with prejudice.

Article 11.07 of the Texas Code of Criminal Procedure provides the means to raise *post-conviction* challenges.  Pretrial habeas petitions are brought under Article 11.08, and are appealable to the intermediate court of appeals.  The instructions attached to the habeas form upon which Hartfield filed begin by saying "You must use this form to file an application for a writ of habeas corpus seeking relief from a final felony conviction (other than a death penalty case) under Code of Criminal Procedure article 11.07."

However, the Texas Court of Criminal Appeals has held that a speedy trial claim may not be addressed through a *pre-trial* habeas corpus application, because the trial court may by statute review this claim through a pre-trial motion to set aside the indictment based upon the denial of a speedy trial.  The Court explained that this rendered the writ of habeas corpus unavailable because

a direct appeal will remedy an erroneous denial of this type of motion to dismiss.  Ex Parte Burgett,

850 S.W.2d 267, 268 (Tex.App.-Fort Worth 1993 no pet.), *citing* Ex Parte Jones, 449 S.W.2d 59,

60 (Tex.Crim. App. 1970); *see also* Bennett v. State, 818 S.W.2d 199, 200 (Tex.App.-Houston [14th

Dist.] 1991, no pet.) (dismissing a pre-trial appeal from the denial of habeas corpus relief for the

violation of speedy trial because the writ is an extraordinary remedy available only where there is

no remedy at law).

       In Smith v. Gohmert, 962 S.W.2d 590 (Tex.Crim.App.1998), the petitioner Clinton

Smith filed a petition for mandamus and / or habeas corpus relief asking that the Court of Criminal

Appeals vindicate his right to a speedy trial by directing the state district court to dismiss a pending

murder indictment.  The Court of Criminal Appeals stated that a defendant seeking dismissal of an

indictment on speedy trial grounds is not eligible for mandamus relief because an adequate remedy

at law existed through a motion to set aside the indictment under Article 27.03 of the Texas Code

of Criminal Procedure.  For the same reason - the existence of an adequate remedy at law - the Court

of Criminal Appeals held that the petitioner was not entitled to habeas corpus relief.  *See also* Ex

Parte Weise, 55 S.W.3d 617, 620 (Tex.Crim.App. 2001) (speedy trial claims may not be asserted

through pretrial habeas proceeding).

       In the present case, Hartfield makes clear in his pleadings, and counsel made clear

at the hearing, that this proceeding is a *pre-trial* habeas corpus petition.  In fact, he could hardly do

otherwise; arguing that the proceeding is a post-conviction petition would concede the existence of

the conviction, the alleged lack of which forms the basis of Hartfield's claim.  This fact, however,

runs up against the reality that Hartfield did not present his claims to the state court in a way which

was procedurally proper for a pre-trial speedy trial claim.

       In Gohmert, the Court of Criminal Appeals stated that both mandamus and habeas

corpus relief were improper for raising a pre-trial speedy trial claim, because an adequate remedy

at law existed – the petitioner could seek relief by filing a motion with the trial court under Tex.

Code Crim. Pro. art. 27.03.  As Corcoran explained at the hearing:

> Now they would argue probably that they exhausted by asserting this Sixth Amendment right to the CCA [Court of Criminal Appeals], which may be the only exhausted claim that is presently before this Court that he made to the CCA.  The problem with this argument is that you can't use an 1107 state habeas writ to challenge a pre-judgment incarceration.  That's not how you do it under state law.

> He has never filed a motion with the state district court in an effort to exhaust his claim that they need to bring him to be speedily tried.  Now, there's a question about the state court would do with that kind of motion, but I would assert that that has to be done first.  There is no way, again, an 1107 assertion of speedy trial for a pre-conviction or pre-judgment of conviction status of a person in custody, that that's the way it's done.

Corcoran's contention is correct.  By seeking habeas corpus relief through a post-conviction writ under Article 11.07, and by seeking mandamus relief in the Texas Court of Criminal Appeals, Hartfield failed to present his claims to the Texas courts in a procedurally proper manner, Consequently, he has failed to exhaust his state remedies.

In a brief filed in the Southern District (docket no. 21), Hartfield argues that the Respondent has waived the exhaustion defense, in the original answer and motion for summary judgment, as to the speedy trial claim which he raised in his first habeas petition.  However, the Respondent's amended answer argued that Hartfield did not exhaust his state remedies by failing to present his claim in a pre-trial motion to the trial court.  As a general rule, an amended pleading supersedes a prior one.  Proctor & Gamble Defense Corp. v. Bean, 146 F.2d 598, 601 (5th Cir. 1945); Guaranty National Ins. Co. v. Vic Mfg. Co., 143 F.3d 192, 194 (5th Cir. 1998).  Thus, the contention that the Respondent waived the exhaustion requirement is without merit.[3]

Finally, Hartfield asserts that exhaustion of state remedies through a pretrial motion to the trial court would be "futile," speculating that the trial court simply "will not address the merits of a pretrial motion to dismiss the indictment on speedy trial grounds."  The Fifth Circuit has held that exhaustion is not required if it would be "plainly futile," explaining that "an exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  Graham,

---

[3]In addition, federal courts are not obliged to accept a state's waiver of exhaustion.  Graham v. Johnson, 94 F.3d 958, 970 (5th Cir. 1996).

94 F.3d at 969, *citing* Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19 (1981).  Hartfield has not shown that exhaustion would be "plainly futile" or that there is no opportunity to obtain redress in state court, should he follow the statutory path of filing a motion in the trial court under Article 27.03, followed by an appeal of this denial in the event that the trial court rules against him.  Such a motion, and appeal if necessary, would provide the state courts with the first opportunity to address his claims through a procedurally proper means, which is the purpose of the exhaustion requirement.  Hartfield has failed to exhaust all of the state procedures which are available to him.

### Conclusion

As stated above, the Fifth Circuit has stated that federal courts should abstain from the exercise of jurisdiction over pre-trial habeas corpus proceedings if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.  Dickerson, 816 F.2d at 223.  The realm of "other state procedures available to the petitioner" includes a motion under Article 27.03, as well as such other motions as may be appropriately presented to the trial court in Wharton County, and appeals of such motions as may be necessary.  Hartfield does not dispute that he has not pursued such avenues of relief under state law, and so as a result, his petition may be dismissed without prejudice for failure to exhaust state remedies.

### RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus dismissed without prejudice for failure to exhaust state remedies.

A party's failure to file objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service with a copy thereof shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal

conclusions accepted and adopted by the district court.  <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 10th day of January, 2011.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

11