UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERRY HARTFIELD | § | |
| | § | |
| V. | § | NO. 6:09CV98 |
| | § | (Judge Love) |
| DIRECTOR, TDCJ-CID | § | |

**DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE MICHAEL SCHNEIDER, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS:

COMES NOW Defendant JERRY HARTFIELD, by and through his undersigned attorney, and files these OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE and in support thereof, would show this Honorable Court as follows.

I

**PROCEDURAL HISTORY**

In 1977, a Texas state jury convicted petitioner Jerry Hartfield of the capital murder of Eunice Lowe. After a brief punishment phase, the jury assessed Hartfield's punishment at death and the trial court sentenced him accordingly. Hartfield appealed his conviction to the Texas Court of Criminal Appeals.

On September 17, 1980, that court unanimously reversed Hartfield's conviction due to

1

Witherspoon error. See Hartfield, 645 S.W.2d at 441.[1]

Pursuant to their ruling, the Texas Court of Criminal Appeals remanded his case for a new trial. See Hartfield v. State, 645 S.W.2d 436, 441 (Tex. Crim. App. 1980).[2]

Thereafter, the State moved for leave to file a motion for rehearing.[3] The Court granted leave on November 26, 1980. Twenty-six months later, on January 26, 1983, the court denied rehearing in a written opinion. See Hartfield, 645 S.W.2d at 441-42. The State then moved for leave to file a second motion for rehearing. On March 4, 1983, the Court of Criminal Appeals denied that motion and issued its mandate to the trial court in the following words:

> [I]t is ordered, adjudged and decreed by the Court that the judgment be reversed and the cause remanded for further proceedings in accordance with the opinion of this Court and that this decision be certified below for observance.

On March 15, 1983—**eleven days after the court's mandate issued**—Governor Mark White issued a proclamation, at the State's request, purporting to commute Hartfield's death

---

[1] Witherspoon error, named for the Supreme Court's decision in Witherspoon v. Illinois, 391 U.S. 510 (1968), occurs when a potential juror in a capital case is struck for cause because of generalized reservations about the death penalty, even though the potential juror remains open to the possibility of voting for death in the defendant's particular case. See Adams v. Texas, 448 U.S. 38, 43-45 (1980) (extending Witherspoon's holding to the punishment phase of a capital case).

[2] Because Witherspoon error affects only the sentence of death and not the determination of guilt, reversal due to Witherspoon error requires only a new punishment phase. See Witherspoon, 391 U.S. at 522 n.21; Adams, 448 U.S. at 51. Pursuant to Texas law at the time, however, the Court of Criminal Appeals reversed Hartfield's conviction and remanded the case for an entire new trial. See Hartfield, 645 S.W.2d at 441; Evans v. State, 614 S.W.2d 414 (Tex. Crim. App. 1980); see also Ocker v. State, 477 S.W.2d 288, 291 (Tex. Crim. App. 1972) (noting that courts could not remand for a new assessment of punishment in cases "where the original punishment was set by the jury").

[3] The state argued that the court should reform Hartfield's sentence to life imprisonment rather than remand for a new trial or, alternatively, give the State a reasonable period of time to seek a commutation of Hartfield's sentence from the governor.

sentence to life imprisonment. On March 23, 1983, the District Clerk of Wharton County sent the Court of Criminal Appeals a postcard stating that the Court's mandate had been carried out and executed by Governor Mark White, noting that the death sentence had been commuted to life imprisonment. On March 28, 1983, the Board of Pardons and Paroles sent notification of the commutation to the Court of Criminal Appeals. Hartfield has remained in state custody since that time, and is currently being held at the Texas Department of Criminal Justice's Michael Unit in Anderson County, within the Eastern District of Texas.

In 2007, the Court of Criminal Appeals summarily rejected, in rapid succession, Hartfield's first application for a writ of habeas corpus, his application for leave to file a mandamus petition, and his second application for a writ of habeas corpus.

Hartfield filed this federal habeas application, *pro se*, on October 22, 2007 in the Southern District of Texas. On January 29, 2009, the United States Magistrate Judge to whom the case had been referred issued a Report recommending that the case be transferred to the Eastern District of Texas. The Magistrate Judge concluded that the case was a pre-conviction habeas corpus application under 28 U.S.C. §2241 and thus governed by that statute's venue provisions, and was not under the statute of limitations. The Magistrate Judge agreed with Hartfield's contentions that he was not "in custody pursuant to the judgment of a state court" and that the Governor's commutation was of a judgment that no longer existed.

On February 25, 2009, the district court in the Southern District of Texas accepted the Magistrate Judge's recommendation and transferred the case to the Eastern District of Texas.

On July 14, 2009, an Order was entered appointing the Office of the Federal Defender from Texas Eastern to represent Jerry Hartfield with regard to the pending case and the proceedings.

On March 24, 2010, a status conference was held before the United States Magistrate Judge Love in which Mr. Hartfield appeared and both parties were allowed to argue their legal positions.

On January 10, 2011, the "Report and Recommendations" from the United States Magistrate Judge was released. The Report found that Mr. Hartfield did not exhaust his available state remedies. The Magistrate Judge recommended that Mr. Hartfield's petition be dismissed without prejudice for failure to exhaust state remedies.

It should be noted that the Texas Court of Criminal Appeals' mandate was never recalled, its decision never overturned, the conviction never reinstated; yet Mr. Hartfield never received the "entirely new trial" ordered by the court. *Hartfield*, 645 S.W.2d at 442.

Hartfield has remained in state confinement for nearly three decades, serving what the State contends is a commuted life sentence.

II

**MR. HARTFIELD'S PETITION SHOULD NOT BE DISMISSED**

Introduction

Mr. Hartfield contends in his Petition, inter alia, that he has been denied his right to a speedy trial under the Sixth Amendment to the United States Constitution. See U.S. Const. amend VI (guaranteeing that "the accused shall enjoy the right to a speedy and public trial" in all criminal prosecutions). The Sixth Amendment right to a speedy trial is applicable to the states pursuant to the Due Process Clause found in the Fourteenth Amendment. See Klopfner v. North Carolina, 386 U.S. 213, 222 (1967). The Texas Constitution contains a similar speedy trial guarantee. See Tex. Const. art. I, §10; Zamorano v. State, 84 S.W.3d 643, 647 n. 6 (Tex.Crim.App.2002) (noting that Article I, § 10 of the Texas Constitution guarantees the accused in all criminal prosecutions the right to a

speedy and public trial).

**A.     The Report and Recommendation**

The Report and Recommendation states the following:

> By seeking habeas corpus relief through a postconviction writ under Article 11.07, and by seeking mandamus relief in the Texas Court of Criminal Appeals, Hartfield failed to present his claims to the Texas courts in a procedurally proper manner, Consequently, he has failed to exhaust his state remedies.

The Report and Recommendation goes on to state that "the writ of habeas corpus dismissed without prejudice for failure to exhaust state remedies." Mr. Hartfield respectfully disagrees with the Report and urges these objections.

**B.     The Waiver Doctrine**

    1.   The Exhaustion Requirement Does Not Apply to 2241

As a pretrial detainee, Mr. Hartfield's petition is governed by 28 U.S.C. 2241(c)(3), which affords habeas corpus review where a prisoner alleges that he is in custody "in violation of the Constitution or laws or treaties of the United States". Section 2241 does not contain an express exhaustion requirement.

Mr. Hartfield acknowledges that, despite the absence of an express requirement in the statutory language, exhaustion has been required by federal courts where pretrial issues are concerned under the theory that federal courts should abstain from interference with matters that are pending in the state courts:

> [A] body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-

92 (1973), *cert. denied,* 484 U.S. 956 (1987).

Thus, an exhaustion requirement for petitions filed under §2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson, 816 F.2d at 2255; Braden, 410 U.S. at 490-91). The exhaustion requirement, however, is not required by statute. This Court should not enforce it in this case.

  2. Mr. Hartfield Has Met the Requirements of the Exhaustion Doctrine

Assuming that exhaustion of state remedies is required, and Mr. Hartfield does not concede that it is, Mr. Hartfield properly exhausted the speedy trial claim by filing a petition for a writ of mandamus in 2006 requesting the Texas Court of Criminal Appeals to order a prompt retrial (which was denied in a summary order).

The proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. See Chapman v. Evans, 744 S.W.2d 133, 138 (Tex.Crim.App.1988) (granting the relator's request for a writ of mandamus to compel the district court to set his case for trial); Thomas v. Stevenson, 561 S.W.2d 845, 846-47 (Tex.Crim.App.1978) (concluding that the Texas Court of Criminal Appeals has authority to issue writs of mandamus to compel a speedy trial in a criminal case); see also Smith v. Gohmert, 962 S.W.2d 590, 593 & n. 7 (Tex.Crim.App.1998) (distinguishing between the availability of mandamus relief to compel a speedy trial from the availability of mandamus relief to compel dismissal on speedy trial grounds, which is not available in habeas or mandamus); George E. Dix & Robert O.

Dawson, 42 *Texas Practice: Criminal Practice and Procedure* §23:50 (2nd ed.2001) (discussing same). Mr. Hartfield has availed himself of these remedies, to no avail. Thus, his petition is properly in front of this Court.

      3. <u>The Exhaustion Doctrine Should Not Be Enforced in this Case</u>.

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Moore v. Quarterman</u>, 454 F.3d 484, 490-91 (5th Cir.2006); <u>Anderson v. Johnson</u>, 338 F.3d 382, 386 (5th Cir.2003).

Exceptions to the adherence to the Exhaustion Doctrine exist where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. <u>See</u> 28 U.S.C. 2254(b)(1)(B). As the Report and Recommendation stated: "The Court then posed the question of what practical possibility a motion for a speedy trial or a pre-trial habeas petition would have in the state district court, noting that Hartfield would likely be laughed out of court, and Corcoran conceded that "I'm not going to argue, Your Honor, that it would be viewed necessarily and considered fully. I don't know. To be fair, that's how you do it."

Although exceptions to the exhaustion doctrine are rare, this is a case where an exception is warranted. Mr. Hartfield has been incarcerated thirty years without a trial. There is an absence of available State corrective process available to Mr. Hartfield and circumstances exist that render such process ineffective to protect his rights. Due to the unusual and extreme circumstances of his particular case, in the interest of justice, he urges this Court to make an exception to the Exhaustion Doctrine, and decide his case on the merits.

      4. <u>Respondent has waived the Exhaustion Doctrine argument</u>.

After initially arguing stating that Mr. Hartfield had exhausted his state remedies with respect to the speedy trial claim, <u>see</u> Respondent's Motion for Summary Judgment with Brief in Support, at 10 ("The Director believes Hartfield exhausted his state court remedies only to the extent that he raises a speedy trial/due process claim, as he presented such claim to the Court of Criminal Appeals in his first state habeas application."), respondent has contended that Mr. Hartfield "did not properly exhaust this claim in a pretrial motion to the trial court, but in postconviction proceedings." Respondent Quarterman' s Supplemental Briefing, at 21. Respondent has waived the non-exhaustion defense by initially conceding that proper exhaustion had occurred. <u>See</u> <u>Saldona v. Roach</u>, 363 F.3d 545, 554 (5th Cir. 2004); <u>McGee v. Estelle</u>, 722 F.2d 1206, 1212 (5th Cir. 1984).

**C.**    **Conclusion**

The appropriate remedy is to unconditionally grant the writ of habeas corpus, dismiss the indictment with prejudice to further prosecution, and order state officials to release Mr. Hartfield from its custody.

      Respectfully submitted,


      /S/ Wayne Dickey
      **WAYNE R. DICKEY**
      Assistant Federal Defender
      Eastern District of Texas
      110 N. College, Suite 1122
      Tyler, Texas 75702
      (903) 531-9233
      FAX: (903) 531-9625
      State Bar Number: 05832020

      *Attorney for Defendant*


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Motion for Extension of Time Pretrial motions was e filed to:

  Joseph Corcoran

pursuant to the Federal Rules of Criminal Procedure, Rule 49, on March 1, 2011.


      /S/ Wayne R. Dickey
      **WAYNE R. DICKEY**
      *Attorney for Defendant*