IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION


JERRY HARTFIELD                          §

VS.                                      §          CIVIL ACTION NO. 6:09cv98

DIRECTOR, TDCJ-CID                       §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jerry Hartfield, proceeding through appointed counsel, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The facts of the case are set out in the Report of the Magistrate Judge.  In brief, Hartfield was convicted of capital murder on June 30, 1977, but the conviction was overturned based upon Witherspoon error.  *See* Witherspoon v. Illinois, 391 U.S. 510 (1968).  The Court of Criminal Appeals ordered that the case be reversed and remanded for a new trial, and the State filed a motion for rehearing.  This motion was denied on January 26, 1983.  On January 31, 1983, after the opinion for rehearing was issued but before the mandate of the Court went out, the District Attorney, together with the trial court judge, sent a letter to the Board of Pardons and Paroles requesting that the Board recommend commutation by the Governor.

On February 10, 1983, the State submitted a second motion to the Court of Criminal

Appeals seeking rehearing, for which leave to file was denied on March 1, 1983.  On March 4, 1983, the mandate of the Court of Criminal Appeals was issued.  On March 14, 1983, ten days later, the Board sent a letter to the Governor recommending that Hartfield's sentence be commuted to life imprisonment.  The next day, March 15, the sentence was commuted.

On March 23, 1983, the District Clerk of Wharton County sent the Court of Criminal Appeals a postcard stating that the Court's mandate had been carried out and executed by Governor Mark White, noting that the death sentence had been commuted to life imprisonment.  On March 28, 1983, the Board of Pardons and Paroles sent notification of the commutation to the Court of Criminal Appeals. No new trial was ever conducted; instead, Hartfield continued to serve his commuted sentence of life imprisonment.  He first sought state habeas corpus relief on November 14, 2006.  Hartfield has also sought mandamus relief and filed a second state habeas petition, to no avail.

In his federal petition, Hartfield's claim is in essence that the Court of Criminal Appeals ordered a new trial for him on March 4, 1983, with the issuance of the mandate, and that no new trial has ever been conducted, and so he has been denied a speedy trial.  The petition was originally filed in the Southern District of Texas, which transferred it to this Court after determining that the case was a pre-trial habeas petition arising under 28 U.S.C. §2241, and so the proper forum was in the Eastern District of Texas, where the petitioner was confined.

After the case was received in the Eastern District of Texas, the Magistrate Judge conducted a hearing.  After this hearing, the Magistrate Judge issued a Report recommending that the case be dismissed without prejudice because Hartfield failed to exhaust his administrative remedies.  The Magistrate Judge noted first that assuming that Hartfield's claim is a pre-trial habeas petition under 28 U.S.C. §2241, for which there is no explicit statutory exhaustion requirement, the Fifth Circuit has made clear that such a requirement does in fact exist, noting that

> Despite the absence of an exhaustion requirement in the statutory language of 28
> U.S.C. §2241(c)(3), a body of case law has developed holding that although Section

> 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

Dickerson v. Louisiana, 816 F.2d 220, 223 (5th Cir. 1987). As the Fifth Circuit explained, this requirement was "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson, 816 F.2d at 225.

In the present case, the Magistrate Judge observed that Hartfield had filed two state habeas petitions under Tex. Code Crim. Pro. art. 11.07, of which the first was denied and the second was dismissed as successive, and a motion for leave to file an application for the writ of mandamus, which motion for leave was denied.  In his first state habeas petition, Hartfield argued that: (1) he was never taken before a magistrate; (2) he was never served with a copy of the indictment; (3) the prosecution should have been dismissed under Article 32.01 and 32.02 of the Texas Code of Criminal Procedure; and Article I, section 10 of the Texas Constitution was violated, as was the Fifth Amendment to the U.S. Constitution.  This ground, the only one in the petition to refer to a federal constitutional violation, reads in its entirety as follows:

> The applicant contends that the Tex. Const. Art. 1 sec. 10 U.S. Const. Amend. V has been violated. See also 1.05 C.C.P. [Code of Criminal Procedure].

> Ground no. 4 here is a combination of ground number 2 and 3, as a presentation of the applicant's constitutional rights being violated, denying him due process of law, including ground number one - Miranda.

Hartfield later filed a supplemental memorandum of law complaining that the order of the Court of Criminal Appeals directing a new trial was never observed, and that his right to a speedy trial was violated.

The Magistrate Judge observed that Article 11.07 of the Texas Code of Criminal Procedure provides a means to raise post-conviction challenges; pre-trial habeas petitions are brought under Article 11.08, and are appealable to the intermediate courts of appeals while those brought

3

under Article 11.07 are not.  The standard 11.07 form that Hartfield used instructs that the form is to be used to seek relief from a final felony conviction, which Hartfield says that he does not have.

In any event, the Magistrate Judge stated that speedy trial claims cannot be brought through pre-trial habeas corpus petitions at all, because the trial court may by statute review the claim through a pre-trial motion to set aside the indictment based upon the denial of a speedy trial. Ex Parte Burgett, 850 S.W.2d 267, 268 (Tex. App. - Fort Worth 1993, no pet.), *citing* Ex Parte Jones, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970); Bennett v. State, 818 S.W.2d 199, 200 (Tex. App. Houston [14th Dist.] 1991, no pet.).

In Smith v. Gohmert, 962 S.W.2d 590 (Tex. Crim. App. 1998), the Court of Criminal Appeals held that a defendant seeking dismissal of an indictment on speedy trial grounds is not eligible for mandamus or habeas corpus relief because an adequate remedy at law exists through a motion to set aside the indictment under Article 27.03 of the Texas Code of Criminal Procedure. Similarly, in Ex Parte Weiss, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001), the Court of Criminal Appeals stated that speedy trial claims could not be asserted through pre-trial habeas proceedings.

The Respondent argued at the hearing and the Magistrate Judge agreed that Hartfield did not file a motion in the district court seeking a speedy trial, and so his efforts to exhaust through the state habeas corpus and mandamus procedures were not done in a procedurally proper manner. The Magistrate Judge therefore determined that Hartfield had failed to exhaust his state remedies.

While Hartfield argued that the Respondent had waived the exhaustion defense, the Magistrate Judge concluded that the Respondent had raised this defense in his amended answer.  The Magistrate Judge also rejected the contention that exhaustion would be "plainly futile." The Magistrate Judge therefore recommended that the petition be dismissed without prejudice for failure to exhaust state remedies.

The Petitioner's Objections

Hartfield filed objections to the Report of the Magistrate Judge on March 1, 2011.

4

In his objections, Hartfield first argues that his petition is governed by 28 U.S.C. §2241, which does not have an express exhaustion requirement. He concedes that such a requirement has been "judicially crafted on federalism grounds," but argues that because it is not required by statute, it should not be enforced in this case.

Second, Hartfield contends that he properly exhausted his speedy trial claim by seeking mandamus relief from the Texas Court of Criminal Appeals. He says that the proper procedure for seeking pre-trial relief on speedy trial grounds is to seek mandamus relief.

The first case Hartfield cites is Chapman v. Evans, 744 S.W.2d 133, 138 (Tex. Crim. App. 1988). In that case, the relator sought to have the trial court either set for trial or dismiss a pending indictment for an offense unrelated to that for which he was presently incarcerated. The Court of Criminal Appeals granted mandamus relief. However, the record in that case showed that the relator had filed a motion to dismiss the indictment and a motion for speedy trial in the trial court, which motions had not been responded to by the prosecutor nor acted upon by the court. Hartfield has done neither of these.

Similarly, in Thomas v. Stevenson, 561 S.W.2d 845 (Tex. Crim. App. 1978), the relator, serving a sentence of life imprisonment for attempted murder, had detainers placed upon him for charges of burglary of a habitation. He filed several requests with the trial court to obtain a speedy trial, but received no response. The Court of Criminal Appeals granted mandamus relief in that case as well.

Thus, the cases cited by Hartfield are distinguishable because each of these involved situations in which the relator lacked an adequate remedy at law, because motions to the trial court for a speedy trial or to dismiss the indictment were simply ignored or not responded to. In the present case, Hartfield did not take the first step in the proceeding because he has not filed a motion with the trial court; instead, he jumped directly to the Court of Criminal Appeals with his request for mandamus relief. As the Magistrate Judge said, this is not a procedurally proper manner and thus

5

does not comply with the exhaustion requirement.  Hartfield's contention on this point is without merit.

Finally, Hartfield argues that the exhaustion requirement should not be enforced in the case because "this is a case where an exception is warranted."  He contends that there is an absence of State corrective procedures available to him, and circumstances exist that render such process ineffective to protect his rights.  However, as the Magistrate Judge has set out, there are a number of potential state corrective processes that exist, including a motion for a speedy trial or to dismiss the indictment in the trial court, followed by mandamus relief if necessary, as well as a pre-trial habeas corpus petition under Article 11.08, which is appealable to the intermediate court of appeals. While this is without question an unusual case, Hartfield makes no showing that these potential avenues for relief are necessarily futile or inadequate to protect his rights.  His objections are without merit.

<u>The Respondent's Objections</u>

The Respondent's objections to the Magistrate Judge's Report "narrowly agree[]" with the recommendation to dismiss for failure to exhaust, but nonetheless take issue with various findings and conclusions.  Specifically, the Respondent disagrees with the Report to the extent that it adopts the reasoning of the Southern District of Texas and implicitly concludes that Hartfield's petition is a timely pre-conviction habeas petition and that the judgment of conviction is non-existent.

The Respondent notes that the Texas Court of Criminal Appeals rejected Hartfield's habeas petition on the merits, including his claim that the capital murder conviction became non-existent by operation of law in 1983.  The Respondent maintains that as a factual matter, there is a state determination recognizing the capital conviction, and so the Court of Criminal Appeals has confirmed the existence and validity of this conviction.  As a result, the Respondent says, the Court should reject the reasoning of the Southern District, conclude that Hartfield had a valid conviction,

and determine from that fact that his petition is time-barred, or alternatively without merit.

The Respondent does not dispute that the Texas Court of Criminal Appeals overturned Hartfield's conviction and ordered a new trial prior to the issuance of the mandate. Instead, the Respondent argues that these are all matters of state law.  This argument serves simply to highlight the correctness of the Magistrate Judge's conclusion, which was that the issues raised in the case should first be presented to the state courts in a procedurally proper manner, thus giving the state courts the first opportunity to address these issues.

In fact, despite the Respondent's arguments, it is not at all clear to this Court the effect on Hartfield's conviction under Texas criminal law by the Texas Court of Criminal Appeals' March 4, 1983, mandate for a new trial *before* the Governor's March 14, 1983, commutation.  This Court has found no Texas case ruling on the combined effect of that sequence of events.  To that end, while this matter is again pending before the Texas state courts, the Texas Court of Criminal Appeals will hopefully answer the following questions:

> Under the facts and timing of this case, what is the effect under Texas criminal law as it existed in 1983 when the Court of Criminal Appeals ordered a remand with new trial and then issued its mandate *before* a Proclamation of Commutation from death to life imprisonment by the Texas Governor?  Is the Governor's commutation legal and effective so as to leave Hartfield's conviction in place and simply replace his death sentence with life imprisonment; or, does the prior issue of the Court of Criminal Appeals' mandate render the commutation a nullity and effectively return Hartfield to his pre-conviction status?

This Court is mindful that one or both parties may decide to appeal the Court's decision to the United States Court of Appeals for the Fifth Circuit, which would delay this matter's return to the state court.  If that is the case, the Fifth Circuit might wish to consider certifying the questions above, or a variation of them, to the Texas Court of Criminal Appeals as a key to determining Hartfield's actual status vis-a-vis his conviction and, therefore, his speedy trial claim.[1]

---

[1]      Rule 74 of the Texas Rules of Appellate Procedure require that questions of criminal law may be certified to the Texas Court of Criminal Appeals only by a federal appellate court.  This Court believes that these questions should be answered in this case, whether

Pending such review, the Respondent's objections are without merit.

Conclusion

The Court has conducted a careful *de novo* review of the pleadings and evidence in this cause, the Report of the Magistrate Judge and the parties' objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the parties are without merit.  It is accordingly

ORDERED that the objections of the parties are overruled and the Report of the Magistrate Judge (docket no. 51) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice.  It is further

ORDERED that the Petitioner's motion for extension of time in which to file his objections to the Magistrate Judge's Report (docket no. 53) is GRANTED.  It is further

ORDERED that any and all other motions which maybe pending in this civil action are hereby DENIED.

**SIGNED this 29th day of April, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

Hartfield proceeds before the state courts or before the Fifth Circuit.